IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM WHITE<br>5029 1st Street NW<br>Apt 3<br>Washington DC 20011<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Serve:<br>U.S. Department of Justice<br>Merrick Garland<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>United States Attorney's Office<br>Matthew Graves<br>601 D Street, NW<br>Washington, DC 20001<br><br>And<br><br>THOMAS SMITH<br>c/o United States Capitol Police<br>119 D Street, NE<br>Washington, DC 20002<br>*Sued in his individual capacity*<br><br>        Defendants. | Civil Action No.: 23-1773 |

## **COMPLAINT**

COMES NOW, the Plaintiff, William White ("Mr. White"), by and through his attorney of record, BRUCKHEIM & PATEL, LLC (Attorneys Sweta Patel and Michael Bruckheim) and

1

brings this Complaint for his cause of action against the Defendants, and alleges and states as follows:

## PARTIES

1. Plaintiff, Mr. White, is a resident of the District of Columbia and brings this action on behalf of himself.

2. The claims herein are brought against the United States of America pursuant to the Federal Torts Claims Act (28 U.S.C. § 2671, et seq.) for money damages as compensation for personal injuries caused by the negligent or wrongful acts or omissions of employee of United States Capitol Police (USCP) Officer Thomas Smith. These acts occurred under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the District of Columbia.

3. The USCP is a federal law enforcement agency appointed by the legislative branch of the federal government of the United States of America for purposes of the Federal tort Claims Act.

4. Defendant Thomas Smith ("Smith," or "Officer Smith") is sued in his individual capacity for claims under 42 U.S.C. § 1983.

5. At all times relevant hereto, the acts or omissions complained of in this Complaint were committed by an agent, servant, or employee of the Defendant United States of America acting in the course and scope of their agency and employment with Defendant.

## JURISDICTION AND VENUE

6. Plaintiff brings this action against the Defendant, the United States of America ("United States"), pursuant to the Federal Tort Claims Act.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346 (b).

7. Venue is properly set in the district pursuant to 28 U.S.C. § 1391 (b) since entirety of events giving rise to the claim occurred within this judicial district.

8. Plaintiff brings this action against Defendant Thomas Smith pursuant to claims under 42 U.S.C. § 1983.

9. Plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2675 (a), in that:

   a. On July 25, 2022, Plaintiff filed an administrative claim for the matters in dispute in this action.

   b. Plaintiff's administrative claim was mailed on July 25, 2022 through United States Postal Service and USCP received and signed for mail on July 26, 2022.

   c. Defendant acknowledged receipt of administrative claim VIA email.

   d. This action is timely pursuant to 28 U.S.C. § 2401 (b) in that notice was timely provided to the defendant and this action was filed more than six months after Plaintiff served her administrative claim on United States Capitol Police.

## WAIVER OF SOVEREIGN IMMUNITY

10. Pursuant to 28 U.S.C. 14369 (b)(1), the FTCA, the United States has waived its right to sovereign immunity for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## FACTUAL ALLEGATIONS

11. Paragraphs 1-10 of this Complaint are realleged and incorporated herein by reference.

12. On June 20, 2020, Plaintiff William White was traveling home from his job at City Bikes in Tenleytown, Washington, DC, on his motorized cycle.

13. USCP Officer Thomas Smith had been assigned to do security checks on the homes of Congress members residing in Georgetown.

14. Officer Smith, operating a marked USCP sedan, began to pursue Mr. White.

15. Officer Smith was on duty at the time and acting as an agent, servant, workman, and/or employee of Defendant.

16. On June 20, 2020, Mr. White had not committed any crime or traffic offense, nor was he suspected of violating any law.

17. Officer Smith violated USCP policy by failing to notify dispatch or seek supervisory approval regarding his pursuit of Mr. White.

18. At approximately 11:34 p.m., Mr. White was approaching the intersection of Wisconsin Avenue and M Street NW in Washington, DC. Officer Smith accelerated his USCP vehicle toward Mr. White and struck his motorized cycle.

19. Mr. White was flung from his motorized cycle and struck the pavement.

20. Mr. White suffered a seizure at the scene.

21. Mr. White was rendered unconscious by his injuries.

22. Mr. White had no memory of how he got to the hospital or who struck his motorized cycle.

23. Officer Smith failed to stop and render any aid and simply continued driving.

24. Officer Smith failed to notify USCP and the District of Columbia Metropolitan Police Department of the collision with Mr. White.

25. Within 10 minutes, Officer Smith returned to USCP's Fairchild Building where he parked his damaged USCP sedan.

26. At approximately 11:50 p.m. Officer Smith logged a false entry into the Computer Assisted Dispatch system, a system used by USCP officers to record information to communicate to USCP's dispatch unit about their patrol work, location, and other information.

27. Officer Smith entered an event of "APPEARS SECURE" while parked in the garage.

28. Officer Smith was not conducting any USCP patrol work at Congress members' homes at that time he entered the event of "APPEARS SECURE".

29. The entry of "APPERS SECURE" was false.

30. At approximately, 11:52 p.m. Officer Smith drove the damaged USCP sedan out of the garage and into an outdoor USCP parking lot.

31. Officer Smith parked the sedan, and then entered the Fairchild Building where he left the keys to the sedan on the desk of a vehicle fleet sergeant.

32. Officer Smith obtained the keys to a USCP SUV.

33. Officer Smith than proceeded to make a false entry on an equipment log where he falsely claimed he had been assigned the USCP SUV and his shift began at 10:00 p.m. instead of 6:00 p.m.

34. Officer Smith received a phone call from a USCP sergeant inquiring about the collision involving Mr. White.

35. Officer Smith told the sergeant he had not been involved in a traffic collision and had been assigned to the USCP SUV, not the sedan, for the duration of his shift.

36. Mr. White was unaware the vehicle that struck him was operated by an on-duty USCP police officer.

37. The region of Georgetown within the District of Columbia is generally not a federal territory and is primarily patrolled by District of Columbia Metropolitan Police Department.

38. Although USCP learned of Officer Smith's actions shortly after they occurred, they failed to inform Mr. White.

39. The United States Department of Justice (USDOJ) initiated an investigation into Officer Smith.

40. Mr. White was never informed of this investigation, nor was he advised that Officer Smith was the suspect and USCP was Officer Smith's agency/employer.

41. The facts of this case and identity of Officer Smith were intentionally and purposefully kept sealed and shielded from Mr. White while Officer Smith was pending a grand jury indictment by the Department of Justice purely for USDOJ's own interest in pursuing a federal indictment against Officer Smith.

42. Mr. White had no reason to know, nor could have known, USCP was the offending agency.

43. Mr. White did not learn he was struck by a USCP officer until Officer Smith was indicted in the United District Court for the District of Columbia.

44. The indictment of Officer White was unsealed on June 2, 2022.

45. On July 12, 2022, more than two (2) years after the date of the horrific incident, Sanjay Patel, Assistant United States Prosecutor with the Department of Justice spoke with Mr. White regarding the case and finally offered victim assistance to Mr. White.

46. Until then, no assistance or information was provided to Mr. White regarding assistance, the facts surrounding the case, or the identity of Officer Smith.

47. Mr. White motorized cycle was seized as part of the federal investigation.

48. Mr. White has been unable to recover his motorized cycle since the date of the incident from USDOJ.

49. Mr. White suffered from a seizure on scene and lacerations to his head, face, arms, and legs.

50. Mr. White suffered from road rash, lost hair, and missing skin from his ear, forehead, shoulder, and knees.

51. Mr. White has permanent scarring in multiple areas, including a large scar on his head.

52. Mr. White lost the braids in this hair, which took over a year to grow back.

53. Mr. White suffered from post-traumatic stress disorder and still does.

54. Mr. White was physically and mentally unable to participate as a parent in his daughter's development who was three (3) months old at the time of the accident.

## CAUSES OF ACTION

### COUNT I – ASSAULT AND BATTERY UNDER THE FTCA
### AGAINST DEFENDANT UNITED STATES

55. Paragraphs 1-54 of this Complaint are realleged and incorporated herein by reference.

56. At all times referenced in this Complaint, Defendant Smith was working for and on behalf of the USCP.

57. While on duty with the USCP, Defendant Smith swerved his USCP vehicle into the motorized cycle operated by Mr. White.

58. Defendant Smith's action caused Mr. White's cycle to crash.

59. Defendant Smith's action caused severe injury to Mr. White.

7

60. Defendant Smith fled the scene and left Mr. white laying in the roadway.

61. Defendant Smith made no effort to seek medical attention on behalf of Mr. White.

62. Defendant Smith committed this act intentionally and without provocation.

63. Mr. White committed no acts of aggression toward Defendant Smith that would justify Defendant Smith needing to defend himself or his safety.

64. Mr. White did not give consent for Defendant Smith to advance toward him or touch him in any way.

65. As a result of Defendant Smith's actions, Mr. White suffered damages in the form of physical injuries, mental health injuries, lost wages, future lost wages, and pain suffering.

66. As a result of Defendant Smith's actions, Defendant United States and Defendant Smith are liable for Mr. White's damages under the FTCA.

67. Defendant Smith's actions were willful, malicious, reckless, and deliberately indifferent to Mr. White's life.

## COUNT II- NEGLIGENCE UNDER THE FTCA
## AGAINST DEFENDANT UNITED STATES

68. Paragraphs 1-67 of this Complaint are realleged and incorporated herein by reference.

69. Defendants owed a duty of care to Mr. White.  Defendant Smith was a USCP officer employed by Defendant United States of America and charged with the protection and care of the citizens in the areas of the District of Columbia where they patrolled.

70. Defendant Smith had a duty of care to protect the citizens of the District of Columbia, and to not cause them any harm.

71. At all times referenced in this Complaint, Defendant Smith was working for and on behalf of the USCP.

72. Defendant Smith violated that duty of care when he swerved into Mr. White, causing his motorized cycle to crash.

73. Defendant Smith violated that duty of care when he left Mr. White injured and unconscious on the roadway and fled the scene.

74. Defendant Smith violated that duty of care by failing to provide or secure or contact emergency medical services to tend to Mr. White.

75. As a direct and proximate result of Defendant Smith's negligent actions, Mr. White suffered serious physical injury, mental health injuries, lost wages, future lost wages, and pain suffering.

76. As a result of Defendant Smith's actions, Defendant United States and Defendant Smith are liable for Mr. White's damages under the FTCA.

77. Defendant Smith's actions were willful, malicious, reckless, and deliberately indifferent to Mr. White's life.

## COUNT III- GROSS NEGLIGENCE UNDER THE FTCA
## AGAINST DEFENDANT UNITED STATES

78. Paragraphs 1-77 of this Complaint are realleged and incorporated herein by reference.

79. Defendants owed a duty of care to Mr. White.  Defendant Smith was a USCP officer employed by Defendant United States of America and charged with the protection and care of the citizens in the areas of the District of Columbia where they patrolled.

80. Defendant Smith had a duty of care to protect the citizens of the District of Columbia, and to not cause them any harm.

81. At all times referenced in this Complaint, Defendant Smith was working for and on behalf of the USCP.

82. Defendant Smith violated that duty of care when he swerved into Mr. White, causing his motorized cycle to crash.

83. Defendant Smith violated that duty of care when he left Mr. White injured and unconscious on the roadway and fled the scene.

84. Defendant Smith violated that duty of care by failing to provide or secure or contact emergency medical services to tend to Mr. White.

85. As a direct and proximate result of Defendant Smith's negligent actions, Mr. White suffered serious physical injury, mental health injuries, lost wages, future lost wages, and pain suffering.

86. The wanton, willful and reckless disregard and/or conscious indifference for the rights and safety of Mr. White exhibited by Defendant Smith constitutes gross negligence.

87. As a result of Defendant Smith's actions, Defendant United States and Defendant Smith are liable for Mr. White's damages under the FTCA.

**COUNT IV- NEGLIGENT HIRING AND RETENTION UNDER THE FTCA BY USCP OF OFFICER SMITH AGAINST DEFENDANT UNITED STATES**

88. Paragraphs 1-87 of this Complaint are realleged and incorporated herein by reference.

89. At all times relevant herein, Defendant Smith was acting under the direction, control, and supervision of the USCP, an agency of Defendant United States.

90. Defendant United States acted negligently, carelessly, and recklessly by failing to train, supervise, control, direct and monitor Defendant Smith properly in his duties and responsibilities.

91. As a direct and proximate result of the acts and omissions of Defendant United States, Mr. White suffered serious physical injury, mental health injuries, lost wages, future lost wages, and pain suffering due to the actions of Defendant Smith, who had no business

patrolling the area he was in and no business chasing and interacting with Mr. White before swerving his USCP vehicle into Mr. White.

92. As a result of Defendant United States' actions, Defendant United States and Defendant Smith are liable for Mr. White's damages under the FTCA.

## COUNT V: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AGAINST DEFENDANT SMITH.

93. Paragraphs 1-92 of this Complaint are realleged and incorporated herein by reference.

94. Mr. White has the constitutionally protected right to be free from government-created danger under 42 U.S.C. § 1983.

95. Defendant Smith placed Mr. White at a substantial risk of serious harm by driving his USCP in a reckless and dangerous manner, and by striking Mr. White's motorized cycle.

96. Defendant Smith violated Mr. White's Fourth and Fifth Amendment rights when he took these actions.

97. Defendant Smith was deliberately indifferent to the risk he created, and acted with reckless or callous disregard to the federally protected rights of Mr. White, resulting in bodily injury to Mr. White.

98. As a direct and proximate result of Defendant Smith's actions, Mr. White suffered serious physical injury, mental health injuries, lost wages, future lost wages, and pain and suffering.

## COUNT VI: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW AGAINST DEFENDANT SMITH.

99. Paragraphs 1-98 of this Complaint are realleged and incorporated herein by reference.

100. Mr. White has the constitutionally protected right to be free from government-created danger under 42 U.S.C. § 1983, which includes the right to be free from a law

enforcement officer's deliberate indifference top his serious medical needs and other substantial risks of harm arising from a government-created danger.

101. Defendant Smith created this danger to Mr. White by crashing his USCP vehicle into Mr. White, and then knowingly driving away without rendering aid, without alerting medical authorities, and without taking other reasonable steps to obtain assistance for Mr. White, despite the substantial risk Mr. White was injured and in need of medical attention, and the substantial risk that Mr. White would suffer further serious harm.

102. Defendant Smith was deliberately indifferent to the risk he created, and acted with reckless or callous disregard to the federally protected rights of Mr. White, resulting in bodily injury to Mr. White.

103. As a direct and proximate result of Defendant Smith's actions, Mr. White suffered serious physical injury, mental health injuries, lost wages, future lost wages, and pain and suffering.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows: Awarding judgment in favor of Plaintiff against Defendant for all damages allowable by law in the amount of $5 million dollars, and:

   a. Awarding Plaintiff all applicable post-judgment interest;
   b. Awarding all attorneys' fees, costs, and such other relief this Court deems just and equitable.

Respectfully submitted,

BRUCKHEIM & PATEL, LLC

By:   \s\ Sweta Patel \s\

        *Sweta Patel, esq.*
Counsel for William White
Bar No. 1013010
1100 H Street, NW
Suite 830
Washington, DC 20005
(202) 930- 3464 Office
(240) 556- 0300 Fax
Patel@BruckLaw.com

By:   <u>\s\ Michael Bruckheim \s\</u>
*Michael Bruckheim, esq.*
Counsel for William White
Bar No. 455192
401 East Jefferson Street
Suite 208
Rockville, MD 20850
(202) 753- 8222 Office
(240) 556- 0300 Fax
Michael@BruckLaw.com